I THIBODEAUX, Judge.
Plaintiff, Roger Cavaness, appeals the trial court’s judgment granting defendants’, State of Louisiana (“State”) and Datacom, Inc. (“Datacom”), peremptory exceptions of prescription. Mr. Cavaness argues that his suit for damages against the defendants for reimbursement of expenses incurred in detuning the defendants’ towers is subject to ten-year prescription as a quasi-contractual obligation.
We disagree. Mr. Cavaness’ cause of action sounds in tort. Under La.Civ.Code art. 3492, delictual or tort actions are subject to one-year liberative prescription, which runs from the date of injury or the date damages were sustained. We find that plaintiffs cause of action has prescribed. Thus, we affirm the trial court’s judgment.
I.

ISSUES

We shall consider the following issues:
1) whether plaintiffs action against the State and Datacom is a quasi-contrae-tual obligation or unjust enrichment governed by ten-year liberative prescription?
2) whether Datacom acknowledged its obligation to detune its tower, thus interrupting prescription?
II.

FACTS

In 1996, Roger Cavaness, former owner of KVOL-AM radio station in Lafayette, *868 Louisiana, decided to sell his station. Upon making the sale, Mr. Cavaness discovered that two nearby towers, one owned by the State and the other by Data-com, were not detuned when constructed, causing interference with his radio station’s | ¡.signal patterns. According to Mr. Cavaness, owners of any towers erected within 3.2 kilometers of an AM station using a directional antenna must take measures to prevent pattern distortion or interference with the AM station at its own costs, including consistent detuning of the tower to prevent adverse effects on the AM station. 47 C.F.R. § 78.1692 (2003). Neither the State nor Datacom had de-tuned their towers, though KVOL AM’s directional antenna had to maintain a desired pattern of signal levels in different directions to operate properly. Otherwise, the signal patterns were distorted.
To complete the sale of KVOL-AM, Mr. Cavaness had to re-license the radio station with the Federal Communications Commission (“FCC”). Part of his re-licensing requirements were to make repairs to the directional antenna as well as detune the two neighboring towers to prevent distortion. In December 1997, Mr. Cavaness, after notifying both the State and Datacom, hired Michael Patton and Associates to detune the towers so that KVOL-AM’s antenna would return to its normal operations. Costs for this project amounted to $33,194.00. The project took approximately one year to complete before the FCC issued a new license on March 25, 1999.
After incurring these expenses, Mr. Ca-vaness filed a petition for damages on May 22, 2000, against the State and Datacom for monies he expended in making repairs to the directional antenna and to the towers. According to the plaintiff, a quasi-contractual obligation existed between the defendants and Mr. Cavaness, whereby defendants were obligated to reimburse him for expenses. Since quasi-contractual obligations are subject to ten-year prescription, his claim was still viable.
l.qThe State filed both an exception of vagueness and nonconformity of the petition on the grounds that the plaintiff failed to allege the date the Department of Transportation and Development allegedly added a tower, the date it became aware of any pattern distortion, and the dates the offending tower was detuned. Similarly, Datacom filed an exception of vagueness on virtually the same grounds. In response to these exceptions, Mr. Cavaness amended his petition to supplement his charges with specific dates of the alleged occurrences. Defendants followed by filing peremptory exceptions of prescription as to plaintiffs cause of action. Judgment was rendered in favor of the State and Datacom, dismissing Mr. Cavaness’ claim. Mr. Cavaness now appeals the trial court’s judgment.
III.

LAW AND DISCUSSION

Prescription
Mr. Cavaness asserts that ten-year prescription is applicable because his claim creates a quasi-contractual obligation. We disagree.
In plaintiffs petition for damages, Mr. Cavaness sought reimbursement for monies expended to detune defendants’ towers that were interfering with the directional patterns of the AM station. Failure to detune these towers would prevent the plaintiff from selling the radio station and from procuring a new operator’s license from the FCC. Mr. Cavaness chose to make repairs to the towers to proceed with and confirm the sale. Costs amounted to $33,194.00 to complete this project. Mr. Cavaness was well aware *869 that if the offending towers continued to distort his station’s signal patterns, his sale of KVOL-AM could not be perfected. Thus, Mr. Cavaness voluntarily made repairs to the antenna and towers to eliminate interference with the station’s signal patterns to confect the sale.
|4We find that the plaintiffs cause of action arises from tort law, and does not rise to the level of creating a quasi-contraetual obligation subject to ten-year prescription.
In reviewing the grant of an exception of prescription, the character of the action given by the plaintiff in his pleadings, determines the prescription applicable to it. “The nature of the cause of action must be determined before it can be decided which prescriptive term is applicable.” The nature of an obligation in Louisiana, for the purpose of determining the applicable prescriptive period is either contractual, quasi-contractual, delictual, quasi-delictual or legal.
(Emphasis added). (Citations omitted). Taylor v. David New Operating Co., Inc. 619 So.2d 1251, 1253 (La.App. 3 Cir.), writ denied, 625 So.2d 1046 (La.1993).
We find that this is clearly a delictual action. As stated above, plaintiffs petition consisted of a request for reimbursement for monies paid to end distortion and interference caused by the two towers which lied in the vicinity of the AM station. Mr. Cavaness corrected the problem in order to confect the sale of the radio station. Thus, interference with the proper operation of the directional antenna is clearly a tort that caused damages to the plaintiff.
Louisiana Civil Code Article 2315 is the applicable statute for tort liability. Article 2315 states that “[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.” Action for tort damages are subject to one-year liberative prescription pursuant to Article 3492. Prescription will run from the date of injury or the date damages were sustained.
The alleged tortious conduct in this case involves interference with the radio station’s signal patterns by the two towers. Mr. Cavaness discovered the interference in 1996 when he decided to sell the radio station. Mr. Cavaness alleged that he began to correct the problem in December 1997, and completed the work in | {¡December of the following year. Further, the FCC issued a new license on March 25,1999. Whether or not the plaintiff argued that prescription began to run from the latter of the above dates as opposed to the earlier of the dates, plaintiffs cause of action would have prescribed pri- or to May 25, 2000, when he initiated the suit under the one-year prescriptive period. Thus, plaintiffs claim is not actionable because it had already prescribed.
Further, we find that plaintiffs assertion that the holding in Don George, Inc. v. Paramount Pictures, Inc., 111 F.Supp. 458 (W.D.La.1951) was applicable in this case adds little to support his argument. The Western District of Louisiana reconsidered Don George five years later and held that the suit was “purely delictual, the alleged damages having been occasioned by conduct which can be classified, under Louisiana law, only as offenses or quasi-offenses, subject to ... one-year prescription.” Don George, Inc. v. Paramount Pictures, Inc., 145 F.Supp. 523, (W.D.La.1956). Thus, this court cannot haphazardly grant the plaintiff recompense based on the holding in the original Don George when this same court reconsidered the issue and reached a contrary result. Thus, Don George no longer stands for the proposition that the plaintiff asserts, and plaintiffs claim has long prescribed.
*870 Unjust enrichment
Mr. Cavaness also asserts that the trial court erred in finding that the doctrine of unjust enrichment was inapplicable. We disagree.
In Carriere v. Bank of Louisiana, 95-3058, p. 17 (La.12/13/96); 702 So.2d 648, 671, the Louisiana Supreme Court provided five requirements for showing unjust enrichment: (1) there must be enrichment; (2) there must be an impoverishment; (3) there must be a connection between the enrichment and the impoverishment; (4) there must be an absence of “justification” or “cause” for the enrichment or impoverishment; and (5) there must be no other remedy at law available to the plaintiff.
| Johnco, Inc. v. Jameson Interests, 98-1925, p. 10 (La.App. 3 Cir. 6/23/99); 741 So.2d 867, 872, writ denied, 99-2177 (La.11/5/99); 750 So.2d 183.
Mr. Cavaness asserts that the defendants received economic benefits when he detuned both Datacom and the State’s towers at his own expense. He was impoverished when neither defendant reimbursed him for the monies he expended necessary to bring the towers in compliance with the FCC’s regulation. According to Mr. Cavaness, he was afforded no other remedy at law, other than to detune the two towers. Thus, his impoverishment was causally connected to the defendants’ enrichment.
We find that Mr. Cavaness was not impoverished when he chose to repair the towers. After all, the plaintiff took these steps only in order to sell the radio station. Completion of this project permitted the plaintiff to sell the station to the Powell Group.
We cannot be sure from the record the amount the plaintiff received in his sale of the radio station to determine whether Mr. Cavaness was indeed impoverished. Even if we were aware of the economic benefit he received from the sale of the station, the plaintiff is still entitled to damages under the doctrine of unjust enrichment if he meets the requirements. However, plaintiff fails to prove that he had no other available remedies at law. In fact, if the FCC’s regulation is applicable, Mr. Cavaness could have enforced his rights under federal law, requiring defendants to de-tune their own towers, yet he did not seek this remedy. Also, since this court has concluded that Mr. Cavaness’ cause of action was grounded in tort, La.Civ.Code art. 2315, “Liability for acts causing damages,” was also available to the plaintiff. We find that Mr. Cavaness was driven only by his eagerness to complete the sale, rather |7than by defendants’ responsibility in maintaining their towers. As a result, Mr. Cavaness was not impoverished.
Additionally, we find that the defendants did not incur as great a benefit as Mr. Cavaness would have this court believe. There is no testimony in the record that defendants’ towers would benefit from the detuning. We can only assume that it would make them functional and operational. Neither was there evidence that the FCC had compelled the defendants to detune their towers or be held in violation of the law. It appears that only the radio station suffered from this lack of repair of the towers, and this was only discovered when the plaintiff wished to sell the station. As we see it, Mr. Cavaness received the greatest economic benefit by detuning the towers and that was the sale of the radio station. Thus, the trial court did not err in finding that ten-year prescription and unjust enrichment were inapplicable.
Interruption of Prescription
Mr. Cavaness argues that a letter written to Datacom establishes an acknowledgment by the defendant of its obligation to pay costs for detuning its tower. *871 Further, this acknowledgment interrupts prescription. We disagree.
On May 19, 1998, the Powell Group issued a letter to Datacom thanking the company for its cooperation in the Powell Group’s efforts to detune the tower. Additionally, this letter implies that at some point Datacom asked that it be released from any future liability concerning “post tuning pattern distortion.” We can only presume that Mr. Cavaness relied on this particular language in the letter to assert its argument that Datacom acknowledged its obligation to detune the towers.
In Crump v. Sabine River Authority, 98-2326, p. 12 (La.6/29/99); 737 So.2d 720, the supreme court recognized that an acknowledgment can be express or tacit. However, “[m]ere settlement offers or conditional payments, humanitarian or | ^charitable gestures, and recognition of disputed claims do not constitute acknowledgments.” Id. at 730.
We fail to find that the letter served as an acknowledgment of Datacom’s obligation. The letter only admitted that Da-tacom permitted the Powell Group to enter its premises and detune its tower. Data-com acknowledged no existing liability to the plaintiff or the Powell Group. Further, even if this letter could constitute an acknowledgment, prescription had run. The letter is dated May 18, 1998, and suit was not filed until May 22, 2000, long after the one-year prescriptive period applicable under Article 3492. Based on Crump, we find that Datacom did not acknowledge any obligation to Mr. Cavaness for the expenses incurred in detuning the tower. Thus, the trial court did not err in its finding that the letter failed to serve as an acknowledgment of Datacom’s obligation.
IV.

CONCLUSION

For the above reasons, the judgment of the trial court granting the State of Louisiana, Department of Transportation and Development and Datacom, Inc.’s peremptory exceptions of prescription is affirmed. All costs are assessed to the plaintiff, Mr. Roger Cavaness, individually and d/b/a Ca-vaness Broadcasting, Inc.
AFFIRMED.